IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NANCY HARLOW | ) | |
| | ) | |
| v. | ) | 3-07-CV-1578-D |
| | ) | (3-06-CR-11-D) |
| UNITED STATES OF AMERICA | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a federal inmate pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: Upon her plea of not guilty to the four-count indictment in No. 3-06-CR-11-D Harlow was tried by a jury which found her guilty on each charge on July 20, 2006. Thereafter she was sentenced to a term of 46 months imprisonment, a $75,000.00 fine and a two-year term of supervised release. Defendant did not appeal her conviction and filed the present motion on September 1, 2007, the date on which she placed her motion in the prison mail system.[1]

**Findings and Conclusions**: In her first two grounds for relief Harlow complains of alleged errors committed in the sentenced imposed by the District Court. It is well settled in this circuit that

---

[1] On the same date she filed a notice of appeal which was received by the District Clerk with her § 2255 motion.

such claims are not cognizable in post-conviction proceedings under § 2255. *See e.g. United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) and *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). However, upon a showing of *both* cause for her procedural default and actual prejudice resulting from the error, her procedural default in failing to raise these grounds in the context of a direct appeal may be excused. *See United States v. Williamson, supra,* at 462 and *United States v. Shaid,* 937 F.2d 228, 232 and n. 2 (5th Cir. 1991) (*en banc)*, cert. denied 502 U.S. 1076 (1992). It logically follows that her ineffective assistance of counsel claim - ground three - be addressed in determining whether this burden has been met.

It is clear from the record that Ms. Harlow was advised that she had the right to appeal her conviction and sentence. *See* Sentencing Transcript at 17. It is equally clear that she failed to file a timely notice of appeal. In her motion she identifies three claims which counsel should have presented as points of error on appeal.

To prove this ground Movant must show that her counsel's performance was deficient - i.e. that there then existed solid, meritorious arguments based on directly controlling precedent which should have been brought to the Fifth Circuit's attention. *See e.g. Childress v. Johnson*, 103 F.3d 708, 715 (5th Cir) cert. denied 541 U.S. 1087, 124 S.Ct. 2812 (2004).[2] It is at least questionable as to whether Ms. Harlow can raise an ineffective assistance of *appellate* counsel claim when she knowingly failed to file a timely notice of appeal and neither sought leave to proceed *in forma pauperis* or has shown that she is a person entitled to court-appointed counsel under the Criminal

---

[2]*See also Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764 (2000) "[Movant] must first show that [her] counsel was objectively unreasonable ... in failing to [present] arguable issues on appeal - that is, that counsel unreasonably failed to discover non-frivolous issues and to file a merits brief raising them."

Justice Act (18 U.S.C. § 3006A). *See Childs v. United States,* 995 F.2d 67, 69 (5th Cir. 1993).

She conceded that the pre-*Booker* law of the Fifth Circuit is wholly consistent with the increased sentence which the District Court imposed based upon her perjury. *See United States v. Norris,* 217 F.3d 262, 273-74 (5th Cir. 2000) *see also* Sentencing Transcript at 9-11. Further, the District Court made clear that the Guidelines were deemed to be advisory, consistent with the United Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 780 (2005). In fact shw was sentenced within the Guidelines range. *Id.* at 13.

The post-*Booker* jurisdiction of the Fifth Circuit makes it clear that a sentence within a properly calculated Guidelines range will be afforded a rebuttable presumption of reasonableness and will only very rarely be overturned as being unreasonable. *See United States v. Smith,* 440 F.3d 704, 706-07 (5th Cir. 2006). An attorney is not required to assert frivolous objections in the trial court nor to assert meritless points of error on appeal. Harlow has failed to carry her heavy burden of overcoming the strong-presumption that her retained attorney provided the competent counsel required by the Sixth Amendment by showing the existence of Fifth Circuit or United States Supreme Court cases which would support solid, meritorious arguments to overturn her sentence. Therefore, having failed to establish deficient performance, it is unnecessary to address the prejudice prong of the *Strickland* test.[3]

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the § 2255 motion be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant and counsel for the government.

---

[3]*Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052 (1984).

SIGNED this 24th day of March, 2008.

                                       /s/ Wm. F. Sanderson, Jr.
                                       WM. F. SANDERSON, JR.
                                       UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.